Michael G. Atkins
WSBA #26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| FSI FABRICATION, INC., a Washington Corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>SUPREME INTERNATIONAL, LTD., a Canadian Corporation,<br><br>           Defendant. | No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FSI Fabrication, Inc. ("FSI"), alleges for its Complaint against Supreme International, Ltd. ("Supreme"), as follows:

## **PARTIES**

1.    FSI is a Washington corporation. Its principal place of business is located at 1722 Morgan Road, Sunnyside, Washington 98944. FSI designs, manufactures, and sells truck beds used to distribute product on a field in agriculture. Its website is accessible at *http://www.fsifab.com/*.

2.    Supreme is a Canadian corporation. Its principal place of business is located at 6010 - 47 Street, Wetaskiwin, Alberta T9A 2R3, Canada. It also owns a manufacturing facility located in Dodge City, Kansas, and its website (accessible at *http://www.supremeinternational.com/*) states that Supreme conducts business "all

COMPLAINT -- 1

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

across the USA and Canada." Supreme is in the business of designing, manufacturing, and selling truck beds used to distribute product on a field in agriculture. Its truck beds compete with those that FSI offers.

3. Supreme conducts and directs business activities within the State of Washington. It markets its competing goods, including the truck bed design at issue in this Complaint, in advertisements and mailings directed to consumers located in Washington. Its website also states that Supreme offers its products for sale through dealers located throughout Washington, including in Chehalis, Pacific, Lynden, Mount Vernon, Moses Lake, Sunnyside, Pasco, Quincy, Walla Walla, and Othello.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claim asserted herein under 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over Supreme on the grounds that, among other things, Supreme engages in a continuous and systematic course of doing business in Washington and/or has substantial contacts with, transacts and solicits business in, and has purposefully availed itself of the privileges and benefits of doing business in the State of Washington. Supreme also has committed torts within the State of Washington.

6. Venue is proper under 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to FSI's claims occurred in this District, a substantial part of the property that is the subject of this litigation was offered for distribution in this District, and the claims alleged in this action arose in this District. In addition, Supreme is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

**A.    FSI's Distinctive Truck Beds**

7.    The truck beds at issue in this Complaint are known as "chain-bottom" beds, which are mounted rigidly to a truck and use a conveyor system to move animal feed or other product placed therein to the front or back of the bed for distribution on a field without tilting vertically like a dump truck.  Customers interested in purchasing chain-bottom truck beds generally do not consider purchasing dump truck-style truck beds; accordingly, chain-bottom truck beds exist in their own, discrete product market.

8.    FSI owns U.S. Reg. No. 3,750,849 for a three-dimensional product configuration mark, which is registered on the Supplemental Register with the U.S. Patent and Trademark Office.  As described in FSI's registration, FSI's trade dress consists of "a product configuration comprising two opposing side walls of custom-fabricated truck beds, trailers, cargo bins, or spreaders, having three similarly-sized panels with the top panel angled approximately 20 degrees upward, followed by the perpendicular middle panel and the bottom panel angled approximately 20 degrees downward, creating a distinctive outward-curved, protruding feature on the side walls," as depicted below:



(collectively, "FSI's Trade Dress").

9.    Until recently, FSI's Trade Dress was unique in the chain-bottom truck bed market.  Except as described below, no other manufacturer offers a chain-bottom

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

truck bed that contains, copies, or mimics FSI's Trade Dress.

10. FSI's Trade Dress is entirely non-functional. It has never been the subject of a utility patent, and an almost infinite number of alternative designs exist. FSI has never touted its trade dress as being useful in advertising or otherwise, except to indicate that the truck beds containing FSI's Trade Dress are designed and manufactured by FSI.

11. FSI has been using FSI's Trade Dress continually since at least as early as May 21, 2002, and has been using it in interstate commerce continually since at least as early as March 24, 2005.

12. FSI has invested significant resources in advertising and marketing products that contain its trade dress. Over time, consumers have come to recognize that chain-bottom truck beds that contain FSI's Trade Dress are designed and manufactured exclusively by FSI.

**B.     Supreme's Confusingly Similar Truck Bed**

13. In February 2013, FSI and Supreme attended the World Ag Expo, the world's largest agricultural trade show, in Tulare, California. During the Expo, a large number of Supreme employees, including its president and head engineer, visited FSI's location. They inspected FSI's chain-bottom truck beds containing FSI's Trade Dress, discussed design and manufacturing issues, and inquired about whether FSI would make truck beds containing FSI's Trade Dress that Supreme could market and sell as its own. FSI responded that it might be interested in such an arrangement.

14. Following the Expo, the parties continued to discuss whether they might be able to do business together, but their discussions did not result in an agreement.

15. Thereafter, FSI began to receive mailings from Supreme that contained

an artist's rendering of a new chain-bottom truck bed that appeared to copy or mimic FSI's Trade Dress.  However, the artist's rendering lacked sufficient detail for FSI to make that determination.

16. Upon investigation, FSI found a brochure on Supreme's website containing shop drawings of its new chain-bottom truck bed.  The drawings again appeared to copy or mimic FSI's Trade Dress.  Still, the drawings lacked sufficient detail for FSI to reach that conclusion.  FSI also did not know if Supreme's design merely represented a concept, or whether Supreme had begun to manufacture and sell truck beds embodying the design in the United States or elsewhere.

17. Out of an abundance of caution, however, FSI wrote to Supreme, demanding that Supreme cease and desist from advertising, marketing, selling, or offering for sale any truck bed that is identical or confusingly similar to FSI's Trade Dress.

18. Supreme responded that its truck bed design was not confusingly similar with FSI's Trade Dress, and that FSI's Trade Dress was not protectable.

19. In February 2015, FSI and Supreme again attended the World Ag Expo. During the Expo, FSI displayed a number of chain-bottom truck beds containing FSI's Trade Dress.  For the first time, FSI also learned that Supreme was manufacturing and displaying a competing chain-bottom truck bed containing features that are substantially identical to FSI's Trade Dress.  In particular, the angle of the side walls, the width of the bed panels, and the overall look and feel of Supreme's design mimic, if not slavishly copy, FSI's Trade Dress.  Notably, Supreme does not copy the nondistinctive features of FSI's truck beds, such as the pumps, motors, sprockets, and chains; it only imitates FSI's source-identifying features.

20. The parties' competing truck bed designs are depicted below:











FSI's Truck Bed Design                    Supreme's Truck Bed Design

COMPLAINT -- 6






FSI's Truck Bed Design                    Supreme's Truck Bed Design

## CAUSES OF ACTION

### Claim One: Federal Trademark Infringement
### (15 U.S.C. § 1114)

21. FSI re-alleges the allegations set forth above.

22. FSI has valid and superior rights in FSI's Trade Dress as reflected in Reg. No. 3,750,849.

23. Supreme's advertising, marketing, offering for sale, and sale of the chain-bottom truck bed described above is likely to cause confusion with FSI's Trade Dress as reflected in Reg. No. 3,750,849, or to cause mistake with same, or to deceive consumers into believing that some affiliation or connection exists between Supreme and FSI. Accordingly, Supreme's advertising, marketing, offering for sale, and selling the chain-bottom truck bed described above infringes FSI's Trade Dress

in violation of 15 U.S.C. § 1114.

24. FSI will continue to be damaged by Supreme's intentionally wrongful acts unless the Court enjoins same. FSI has no adequate remedy at law for Supreme's willfully continuing to violate its rights.

25. Supreme's intentional infringement of FSI's Trade Dress also damages FSI in an amount to be established at trial, including but not limited to actual damages, Supreme's wrongful profits, and exemplary damages.

### Claim Two: Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

26. FSI re-alleges the allegations set forth above.

27. FSI has valid and superior common law rights in FSI's Trade Dress that exist apart from its federal registration. Its chain-bottom truck beds have a unique, nonfunctional, and distinctive side wall design that the consuming public recognizes as identifying FSI as the manufacturer.

28. Supreme's advertising, marketing, offering for sale, and sale of the chain-bottom truck bed described above is likely to cause confusion with FSI's Trade Dress, or to cause mistake with same, or to deceive consumers into believing that some affiliation or connection exists between Supreme and FSI. Accordingly, Supreme's advertising, marketing, offering for sale, and selling the chain-bottom truck bed described above infringes the common law rights FSI has in FSI's Trade Dress in violation of 15 U.S.C. § 1125(a).

29. FSI will continue to be damaged by Supreme's intentionally wrongful acts unless the Court enjoins same. FSI has no adequate remedy at law for Supreme's willfully continuing to violate its rights.

30. Supreme's intentional infringement of FSI's Trade Dress also damages FSI in an amount to be established at trial, including but not limited to actual damages and Supreme's wrongful profits.

## Claim Three: Unfair Competition Under Washington Law
### (RCW 19.86)

31. FSI re-alleges the allegations set forth above.

32. Supreme's advertising, marketing, offering for sale, and selling the chain-bottom truck bed described above constitutes a deceptive and unfair method of competition and an unfair trade practice, which is damaging to the public interest in violation of the Washington Consumer Protection/Unfair Business Practices Act, RCW 19.86.010, *et seq*.

33. Supreme's advertising, marketing, offering for sale, and selling the chain-bottom truck bed described above in Washington has the capacity to deceive a substantial portion of the public.

34. Supreme's advertising, marketing, offering for sale, and selling the chain-bottom truck bed described above in Washington is in the course of conducting business in Washington. Supreme's deceptive practices, and infringement of FSI's Trade Dress, injure the public interest.

35. Supreme's deceptive practices, and infringement of FSI's Trade Dress, also injure FSI's business, including the loss of sales, recognition, customers, and goodwill.

36. FSI is entitled to an injunction restraining Supreme's unfair competition, actual damages in an amount to be proven at trial, and exemplary damages.

## JURY DEMAND

37. FSI respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, FSI respectfully requests judgment against Supreme as follows:

1. That the Court permanently restrain and enjoin Supreme, and all others in active concert or participation with it, from using, selling, advertising, marketing, or registering in the United States three-paneled, angular side truck bed and trailer designs, such as the chain-bottom truck bed described above, in connection with the same or similar goods offered by FSI, or any other design likely to cause confusion with FSI's Trade Dress or any other common law rights arising from FSI's longstanding use of its distinctive, non-functional, three-paneled, angular side truck bed and trailer designs; and from committing any other unfair business practices directed towards obtaining for itself the business and customers of FSI;

2. That the Court enter an order awarding FSI its actual damages, infringer's profits, and exemplary damages in an amount to be determined at trial;

3. That the Court award FSI its costs and reasonable attorney's fees; and

4. That the Court award any such other relief as it deems just and proper.

DATED this 6th day of March, 2015.

By: /s Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
T (206) 628-0983/F (206) 299-3701
E-mail: mike@atkinsip.com
Attorney for FSI Fabrication, Inc.