Honorable Lonny R. Suko

John D. Denkenberger, WSBA No. 25907
Everett E. Fruehling, WSBA No. 20975
Carmen E. Bremer, WSBA No. 47565
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FSI FABRICATION, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUPREME INTERNATIONAL, LTD., a Canadian Corporation,<br><br>Defendant. | Case No. 15-cv-03039-LRS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>11/9/15<br>Without Oral Argument |

All parties in this case, by and through their respective counsel of record, stipulate to the entry of the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.  Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  Definitions:

    a.  "Party" means a named party in this case.

   b.  "Person" means an individual or an entity.

   c.  "Producer" means a person who produces information via the discovery process in this case.

   d.  "Recipient" means a person who receives information via the discovery process in this case.

   e.  "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   f.  "Attorneys' Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Attorneys' Eyes Only information, includes, but is not limited to:

     (i)  non-public product designs, trade secret information, and new or ongoing confidential research or development information, all of which have not yet been released to the public or trade;

   (ii) non-public pending or future patent applications and information relating non-public pending or future patent applications;

   (iii) proprietary financial information;

   (iv) marketing or business plans, strategic business information or plans, competitive information or plans; and

   (v) third party manufacturer or supplier agreements.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. Information is not Confidential or Attorneys' Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Attorneys' Eyes Only if a

person lawfully obtained it independently of this litigation.

4. Designation of information as Confidential or Attorneys' Eyes Only:

  a. A person's designation of information as Confidential or Attorneys' Eyes Only means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. A person designates information in a document or thing as Confidential or Attorneys' Eyes Only by clearly and prominently marking it on its face as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." A producer may make documents or things containing Confidential or Attorneys' Eyes Only information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Attorneys' Eyes Only before providing them to the recipient.

  c. A person designates information in deposition testimony as Confidential or Attorneys' Eyes Only by stating on the record at the deposition that the information is Confidential or Attorneys' Eyes Only or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Attorneys' Eyes Only.

  d. A person's failure to designate a document, thing, or testimony

1   as Confidential or Attorneys' Eyes Only does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.   A person who has designated information as Confidential or Attorneys' Eyes Only may withdraw the designation by written notification to all parties in the case.

      f.   If a party disputes a producer's designation of information as Confidential or Attorneys' Eyes Only, the disputing party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The disputing party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If the parties cannot resolve the dispute, the disputing party may file a motion with the Court to challenge the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Attorneys' Eyes Only. The information shall remain subject to the producer's Confidential or Attorneys' Eyes Only designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Attorneys' Eyes Only is not an admission that the information was properly designated as such.

    5.   Use and disclosure of Confidential or Attorneys' Eyes Only

information:

    a. Confidential and Attorneys' Eyes Only information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

    b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a total of three party officers or employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iii) a stenographer and videographer recording testimony concerning the information; (iv) subject to the provisions of paragraph 5(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (v) the Court and personnel assisting the Court.

    c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Attorneys' Eyes Only information to any person other than those identified in paragraph 5(b)(i), (iii), (iv), and (v).

    d. A party may not disclose Confidential information to a party officer or employee pursuant to 5(b)(ii) until after such person(s) sign an undertaking in the form of Appendix A to this Order. The party obtaining the

undertaking must serve it on all other parties within ten days after its execution.

   e. A party may not disclose Confidential or Attorneys' Eyes Only information to an expert or consultant pursuant to paragraphs 5(b)(iv) or 5(c) of this order until after such person(s) sign an undertaking in the form of Appendix A to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution.

   f. At least ten days before the first disclosure of Confidential or Attorneys' Eyes Only information to an expert or consultant (or member of their staff) pursuant to paragraphs 5(b)(iv) or 5(c) of this order, the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Attorneys' Eyes Only information may not be disclosed to the expert or consultant without the Court's approval.

   g. Notwithstanding paragraph 5(a) and (b), a party may disclose Confidential or Attorneys' Eyes Only information to: (i) any employee or author

1  of the producer; (ii) any person, no longer affiliated with the producer, who
2  authored the information in whole or in part; and (iii) any person who received
3  the information before this case was filed.

4    h.    A party who wishes to disclose Confidential or Attorneys'
5  Eyes Only information to a person not authorized under paragraphs 5(b) or 5(c)
6  must first make a reasonable attempt to obtain the producer's permission. If the
7  party is unable to obtain permission, it may move the Court to obtain permission.

8    6.    Inadvertent Disclosure:

9    a.    If a producing party inadvertently discloses to a receiving
10 party any document, thing, or information containing information that the
11 producing party deems confidential without designating it as CONFIDENTIAL
12 or ATTORNEYS' EYES ONLY, the producing party shall promptly upon
13 discovery of such inadvertent disclosure inform the receiving party in writing of
14 the appropriate designation and the receiving party shall thereafter treat the
15 document, thing, or information as provided by the producing party under this
16 Stipulated Protective Order. To the extent such document, thing, or information
17 may have been disclosed to persons other than authorized persons described in
18 this Stipulated Protective Order, the receiving party shall make every reasonable
19 effort to retrieve the document, thing, or information promptly from such persons
20 and to prevent any further disclosure to unauthorized persons.

STIPULATED PROTECTIVE ORDER - 8

b.      If the producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

7.      Filing Confidential Material. Before filing Confidential or Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

8.      Document Disposal: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the

producer's Confidential or Attorneys' Eyes Only information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Attorneys' Eyes Only information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Attorneys' Eyes Only information. The party returning and/or destroying the producer's Confidential and Attorneys' Eyes Only information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party's outside counsel of record are not required to delete copies of Confidential or Attorneys' Eyes Only material that may reside on their respective firm's e-mail archive or electronic back-up systems.

9. Survival of obligations: This order's obligations regarding Confidential and Attorneys' Eyes Only information survive the conclusion of this case.

Respectfully submitted,

*On behalf of Plaintiff*
*FSI Fabrication, Inc.*

/s/ Michael G. Atkins
Michael G. Atkins, WSBA No. 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
Telephone: 206.628.0983
Fax: 206.299.3701
E-mail: mike@atkinsip.com

Dated: October 8, 2015

*On behalf of Defendant*
*Supreme International, Ltd.*

/s/ Carmen E. Bremer
John D. Denkenberger, WSBA No. 25907
Everett E. Fruehling, WSBA No. 20975
Carmen E. Bremer, WSBA No. 47565
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS$^{PLLC}$
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
Email: john.denkenberger@cojk.com,
everett.fruehling@cojk.com,
carmen.bremer@cojk.com,
litdoc@cojk.com

Dated: October 8, 2015

STIPULATED PROTECTIVE ORDER - 11

**IT IS SO ORDERED**, with the consent of the parties.

DATED this 2nd day of November, 2015.

*s/Lonny R. Suko*

_____
Lonny R. Suko
Senior U.S. District Court Judge

# **APPENDIX A**

John D. Denkenberger, WSBA No. 25907
Everett E. Fruehling, WSBA No. 20975
Carmen E. Bremer, WSBA No. 47565
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FSI FABRICATION, INC., a Washington Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SUPREME INTERNATIONAL, LTD., a Canadian Corporation,<br><br>                    Defendant. | Case No. 15-cv-03039-LRS<br><br>**UNDERTAKING TO STIPULATED PROTECTIVE ORDER** |

I, _____, certify that:

1. I reside at _____ in the city of _____, state of _____.

2. I am currently employed by _____ located at _____, and my current

job title is _____.

3. I have read and understand the terms of the Stipulated Protective Order filed in Civil Action No. 15-cv-03039-LRS. I understand that CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be provided to me pursuant to the terms and restrictions of the aforesaid Stipulated Protective Order. I hereby agree to be bound by the terms of the Protective Order and understand that information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and my copies or notes relating thereto shall only be disclosed to or discussed with those persons permitted by the Stipulated Protective Order to receive information subject to such designated category. I understand that any violation of this Stipulated Protective Order may subject me to sanctions by the Court.

4. Upon request, I will return all information provided to me in this matter, together with all copies thereof and notes that I have prepared relating thereto, to outside counsel for the party with whom I am associated. As soon as practical, but not later than 60 days after final termination of this action, I shall either provide a written certification of destruction of all CONFIDENTIAL or ATTORNEYS' EYES ONLY information that I received, or I shall return all CONFIDENTIAL or ATTORNEYS' EYES ONLY to the outside counsel from whom I received the information.

5. I hereby submit to the jurisdiction of this United States District Court for the Eastern District of Washington for the purpose of enforcement of the Protective Order.

SIGNED this _____ day of _____ 20____ at _____.

_____
(signature)

_____
(print name

STIPULATED PROTECTIVE ORDER - 15